Filed 8/1/23  P. v. Araujo CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID ANGEL ARAUJO,<br><br>Defendant and Appellant. | F084348<br><br>(Super. Ct. No. 2060585)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Kellee C. Westbrook, Judge.

Aaron Spolin for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kenneth N. Sokoler and Russ K. Naughton, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

---

\*        Before Poochigian, Acting P. J., Meehan, J. and DeSantos, J.

Following a jury trial, defendant David Angel Araujo was convicted of five offenses arising from two incidents of domestic violence. On appeal, defendant's sole argument is that the wording of the flight instruction given to the jury conflicts with Penal Code section 1127c[1] and is unconstitutionally argumentative. We reject this argument, following the many courts to have rejected similar arguments in the past, and we therefore affirm the judgment.

## BACKGROUND

The Stanislaus County District Attorney charged defendant with two counts of battery of a person in a dating relationship (§ 273.5, subd. (a); counts 1 & 3), assault with a deadly weapon (§ 245, subd. (a)(1); count 2), assault likely to produce great bodily injury (§ 245, subd. (a)(4); count 4), threatening to commit a serious crime (§ 422, subd. (a); count 5), and false imprisonment (§ 236; count 6). For each of counts 3 through 5, the district attorney also alleged an enhancement for personal use of a deadly weapon (§ 12022, subd. (b)(1)).

These charges stemmed from two instances of domestic violence in 2016. Because our resolution of the lone legal issue on appeal does not depend on the state of the evidence, we omit description of most of the underlying facts. It is sufficient to note the trial evidence that, after the second incident, defendant drove away from the house where the attack occurred.

This evidence appears to be the basis for the People's request that the trial court give the pattern CALCRIM No. 372 jury instruction on "flight" as showing consciousness of guilt. During a conference off the record, defendant objected to this instruction, although the precise wording of the objection is unavailable because the conference was not transcribed. However, once back on the record, the court explained the conversation with counsel and its ruling on the instruction as follows:

---

**1**      All further statutory references are to the Penal Code.

2.

"And there was a dispute about whether instruction 372 should be given. [Defense counsel] requested that it doesn't. The prosecution requests that it does. Certainly both parties can argue about whether it was actual flight or not, however, given the fact that the Court has a sua sponte duty to instruct on it when the prosecution relies on evidence, a flight to show consciousness of guilt, I will be giving it, and that's *People v. Williams* [(1960) 179 Cal.App.2d 487, 491]."

Accordingly, the jury received instruction 372, which mirrored the applicable portions of the CALCRIM No. 372 pattern flight instruction.

The jury convicted defendant on all charges except count 2, assault with a deadly weapon; and it found not true the associated deadly weapon enhancements. Defendant was sentenced to an aggregate term of four years in prison, pursuant to the parties' agreement. This appeal followed.

## DISCUSSION

Defendant raises just one issue on appeal, challenging the wording of the flight instruction from two related angles. He argues, first, that the language of instruction 372 "conflicts with" section 1127c, the statute requiring the giving of a flight instruction when appropriate.[2] He also argues that the instruction, which replicates CALCRIM No. 372, is unconstitutionally argumentative, in violation of his right to due process. Defendant's challenges are purely legal ones, as he does not argue there was insufficient evidence to support a flight instruction.

"A claim of instructional error is reviewed de novo. [Citation.] An appellate court reviews the wording of a jury instruction de novo and assesses whether the instruction accurately states the law. [Citation.] … The challenged instruction is viewed 'in the context of the instructions as a whole and the trial record to determine whether there is a reasonable likelihood the jury applied the instruction in an impermissible manner.' " (*People v. Mitchell* (2019) 7 Cal.5th 561, 579.)

---

**2**     Defendant's briefs mistakenly refer to nonexistent section 1172c, but it is clear from his arguments that he intends to reference section 1127c.

Both of defendant's twin legal challenges to the wording of instruction 372 have been rejected by numerous courts, including this one. (See, e.g., *People v. Price* (2017) 8 Cal.App.5th 409, 454–458 (*Price*); *People v. Paysinger* (2009) 174 Cal.App.4th 26, 29–32 (*Paysinger*); *People v. Hernández Ríos* (2007) 151 Cal.App.4th 1154, 1158–1159 (*Hernández Ríos*) [addressing unconstitutionality argument only].) Defendant acknowledges none of these cases in his opening brief; and in reply to the People's citations, he simply states these cases were "wrongly decided," without offering any analysis. We disagree and find these cases persuasive, well-reasoned, and squarely on point with this case.[3]

Taking defendant's statutory argument first, instruction 372 did not conflict with section 1127c. "[S]ection 1127c requires that whenever evidence of flight is relied on to show guilt, the court must instruct the jury that while flight is not sufficient to establish guilt, it is a fact which, if proved, the jury may consider." (*People v. Pensinger* (1991) 52 Cal.3d 1210, 1243.) In full, the statute reads: "In any criminal trial or proceeding where evidence of flight of a defendant is relied upon as tending to show guilt, the court shall instruct the jury substantially as follows: [¶] The flight of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, is not sufficient in itself to establish his guilt, but is a fact which, if proved, the jury may consider in deciding his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine. [¶] No further instruction on the subject of flight need be given." (§ 1127c.)

Here, instruction 372 replicated the applicable portions of the pattern flight instruction in CALCRIM No. 372, stating: "If the defendant fled or tried to flee

---

**3**      The People argue that defendant forfeited his challenge to the wording of instruction 372 by failing to request modification of the standard instruction at trial, citing *People v. Sánchez* (2016) 63 Cal.4th 411, 461. Even assuming the argument was forfeited, we exercise our discretion to resolve the claim on its merits.

immediately after the crime was committed, that conduct may show that he was aware of his guilt. If you conclude that the defendant fled or tried to flee, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled or tried to flee cannot prove guilt by itself."

Defendant argues this instruction "conflicts with" section 1127c in two ways: (1) by "effectively revers[ing] the onus set forth in [section] 11[27]c," and (2) by instructing the jury that flight " 'may show [defendant] was aware of his guilt,' " in purported contrast to section 1127c's statement that flight " 'is not sufficient in itself to establish … guilt.' " Defendant does not explain his onus-reversal argument, but based on similar sounding arguments raised in the above cited cases, he appears to be objecting to CALCRIM No. 372 "tell[ing] the jury that flight may show awareness of guilt before telling the jury that flight alone is not sufficient to prove guilt, while … section 1127c communicates those ideas in the opposite order." (*Paysinger*, *supra*, 174 Cal.App.4th at p. 31.) In *Paysinger*, the court held this difference in sentence order did not render CALCRIM No. 372 unconstitutional or otherwise unlawful. (*Paysinger*, at p. 31.) We agree with *Paysinger* that the first sentence of CALCRIM No. 372 does not suggest that evidence of flight is sufficient to show guilt, "and in any event the final sentence of the instruction positively refutes any such suggestion." (*Paysinger*, at p. 31; see *Price*, *supra*, 8 Cal.App.5th at p. 455 [quoting and adopting *Paysinger*'s analysis].)

This conclusion likewise disposes of defendant's related argument that CALCRIM No. 372 conflicts with section 1127c by inviting the jury to treat evidence of flight as sufficient in itself to prove guilt. Again, reading the instruction as a whole, rather than in the snippets defendant selects, CALCRIM No. 372 delivers the message required by section 1127c: that the jury should not assume guilt from flight but may consider it as relevant on the issue of guilt. (See *People v. Hill* (1967) 67 Cal.2d 105, 120 ["the giving of an instruction on flight in language which varies slightly from that of section 1127c is not error"]; *Paysinger*, *supra*, 174 Cal.App.4th at p. 31 [we do not view one part of an

5.

instruction in isolation from another part]; see also *People v. Han* (2000) 78 Cal.App.4th 797, 808 [holding that the standard flight instruction in CALCRIM No. 372's predecessor, CALJIC No. 2.52, accomplished its purpose "to protect the defendant from the jury's simply assuming guilt from flight"].)

We turn next to defendant's unconstitutionality argument, in which he argues the flight instruction was also "improperly argumentative" pursuant to *People v. Wright* (1988) 45 Cal.3d 1126 (*Wright*). A jury instruction is impermissibly argumentative if "it would invite the jury to draw inferences favorable to [one party] from specified items of evidence on a disputed question of fact." (*Wright*, at p. 1135.) Instead, a proper instruction " 'should contain a principle of law applicable to the case, expressed in plain language, indicating no opinion of the court as to any fact in issue.' " (*Ibid*.) An argumentative instruction in favor of the prosecution violates due process because it lightens the prosecution's burden of proof.

Defendant's only explanation of how CALCRIM No. 372 runs afoul of this rule is by repeating his argument that CALCRIM No. 372 incorrectly "presumes an awareness of guilt when a defendant is alleged to have fled or tried to flee." As just explained, CALCRIM No. 372 neither in whole nor in part directs any presumption of guilt. The present instruction bears no resemblance to the one at issue in *Wright*, where it was held that the trial court correctly denied the defendant's proposed pinpoint instruction listing "certain specific items of evidence introduced at trial, and … advis[ing] the jury that it may 'consider' such evidence in determining whether defendant is guilty beyond a reasonable doubt." (*Wright*, *supra*, 45 Cal.3d at p. 1135.) "CALCRIM No. 372 does not focus on certain evidence and direct the jury how to consider the evidence. Rather, while informing the jury that it can infer guilt from flight, it both leaves it 'up to you [the jury] to decide the meaning and importance of that conduct' and further, limits the use of flight evidence by providing that it is not alone sufficient to prove guilt." (*Price*, *supra*, 8 Cal.App.5th at p. 458; see *Hernández Ríos*, *supra*, 151 Cal.App.4th at p. 1159

[rejecting the defendant's arguments that CALCRIM No. 372 "impermissibly presumes the existence of his guilt and lowers the prosecution's burden of proof"]; see also *People v. Pettigrew* (2021) 62 Cal.App.5th 477, 502 [adopting the reasoning of *Price*, *Paysinger*, and *Hernández Ríos* in rejecting the defendant's due process challenge to CALCRIM No. 372].)

As this court noted over a decade ago in *Hernández Ríos*, *supra*, 151 Cal.App.4th at pp. 1158–1159, the Supreme Court has also effectively rejected defendant's argument that CALCRIM No. 372 violates due process in *People v. Mendoza* (2000) 24 Cal.4th 130, superseded by statute on another ground as stated in *People v. Brooks* (2017) 3 Cal.5th 1, 62–63 and footnote 8. In *Mendoza*, the high court concluded that "permit[ting] a jury to infer, if it so chooses, that the flight of a defendant immediately after the commission of a crime indicates a consciousness of guilt" does not violate due process. (*Mendoza*, at p. 180.) Although *Mendoza* was addressing CALJIC No. 2.52, CALCRIM No. 372's predecessor, both instructions allow for the same permissive inference that evidence of flight *may* show awareness of guilt.[4]

Accordingly, there was no error in the wording of the flight instruction.

## DISPOSITION

The judgment is affirmed.

---

**4**     The version of CALJIC No. 2.52 at issue in *Mendoza* read:

   " 'The flight of a person immediately after the commission of a crime, or after he is accused of the crime, is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in light of all other proved facts in deciding the question of his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine.' " (*People v. Mendoza*, *supra*, 24 Cal.4th at p. 179.)